MINISTER OF INTERIOR, AS PRESIDENT OF BOARD OF HEALTH, *vs.* H. HACKFELD & CO.

#### HEARD BY THE COURT, JURY BEING WAIVED.

A BODY OF OVER 700 Chinese immigrants were taken from the steamer Septima, to be kept in quarantine on shore, having or having had the small-pox among them. The defendants gave a bond in which they agreed to pay all expenses incurred in caring for and maintaining the said passengers in quarantine.;

HELD, that these words in the bond cover the bill of the physician for medical attendance in inspecting the men, and the amount paid guards employed to maintain the quarantine.

Opinion of the Court by HARRIS, C. J.

This is an action to recover the sum of $2,160 expended by the plaintiff as President of the Board of Health, which he claims of the defendants according to the terms of a certain bond of which the defendants are obligors.

We understand the question submitted to us to be whether the words of the bond "caring for and maintaining" the passengers per Septima in quarantine, cover the bill of the physician for medical attendance in inspecting the men, and the amounts paid guards in keeping the men in the quarantine premises. No question is raised before us as to rates charged. We are of the opinion that the term "caring for" the men, under the circumstances of this case, and in view of the previous recitations in the bond, reasonably include expenses for medical attendance and guards.

Minister of Interior *v.* H. Hackfeld & Co.

A body of over 700 Chinese immigrants were taken from this ship to be kept in quarantine on shore, having or having had the small-pox among them. Necessarily they required medical inspection almost from day to day. Cases of small-pox had occurred among them; fresh cases might be expected to break out. It was necessary to remove such as might occur promptly, as soon as any symptoms should manifest themselves, and to determine the length of the period of quarantine it was necessary to ascertain by a medical examination that the immigrants had become free from infection.

In respect to guards, it is apparent that such a body would not remain in an enclosure unless they were kept there. No enclosure that was provided or could be provided would keep them in by mere lock and key, or keep out those who might wish to visit them. They could not be kept there on their simple parole. The very idea of quarantine implies that the segregation be made effectual.

The item paid Collins for guarding the cargo is not covered by the bond.

Judgment will be entered for plaintiff, for the sum of $1,005 in addition to the sum of $388, paid by defendants into Court.

E. Preston for plaintiff.

A. S. Hartwell for defendants.

Honolulu, April 22, 1881.